Read, J.
The facts in this case are not disputed. The respondents, Guilford, Torren.ce, and Greene, were co-trustees with Jacob Williams. The respondents, in 1835, appointed *594 Williams treasurer, and authorized him to collect the rents arising from the trust property, and paid no further attention to the matter. ■. From 1835 to 1840, Williams .collected of the trust fund over '$jj 6,000. He applied this monéy to his own use, became insolvent, and. it was lost. The co-trustees demanded no security of Williams, kept no account, and had no settlement with him during this period of time. They regarded Williams as- an honest and responsible man, and committed the whole matter to his charge and control. It is admitted that the respondents were guilty of no willful misconduct ór wrong. The question under these circumstances is, are they responsible for the misconduct-and defalcation of Williams ?
In Bank.
Dec. Term, 1846.
The rule of responsibility of trustees is laid down in Story’s Equity, 517. “ A trustee is to act, in relation to the trust pro-c -perty, with reasonable-, diligence, and, in cases.of joint trust, ‘ with due caution and vigilance, in respect to the approbation c of, and acquiescence in, the. acts of co-trustees; for if he. c should deliver over the whole management to the others, and ‘ betray supine indifference or gross negligence in regard to the c interests of the céstui que trust, he will be _ held responsible.” In Oliver v. Court, 8 Price Rep. 127, the rule of responsibility is stated thus: ££ Where several trustees leave the entire per- £ formance of the duties of the trust to one, all áre equally £ responsible for the faithful and diligent discharge of their ‘ joint and several duties by that one to whom they have dele- ‘ gated it.”
The authorities cited by respondents’ counsel state the same rule. But it is insisted that mere passiveness in not withdrawing money from the hands of a co-trustee,'will not make him responsible for the loss by the misapplication of the fund.
The distinction running through the books, is,,in cases where one gets possession of the trust fund' without the aid or authority of his co-trustee, and where he gets possession by their assistance and authority.
In the first instance, the bare neglect to withdraw the funds, would not, in a case of loss, make the co-trustees liable, unless *595 the negligence was - so gross as to amount to. a willful default. But where he acts by the authority of the co-trustees, the rule is more strict, and- the courts are disposed to treat the act of the one, for the purpose of responsibility, as the act .of all.
The care which should be exercised by a trustee is that of a prudent man over his own affairs.
The application of these principles to the facts in this case,make the defendants responsible. Jacob Williams was authorized by them to collect and receive the rents. He acted for them."' They were negligent in looking to the state of the account,. for so long a period, and seeing that the funds were secure and properly invested. In one sense, the case is a hard one upon the respondents, but it is equally hard upon the bene'ficiáries of the trust. Let no man assume a trust, unless he is willing to exert due care and diligence. The Court could not refuse a decree in this case, without violating a well established principle, -which would jeopardize all charities.

Decree for Complainant.

Note. — A re-hearing wag granted in this case, the defendants claiming that they had a good defence; that they had not been guilty of negligence in the matter of the possession of tile fund by Williams, but bn the contrary had endeavored to. withdraw it from him; and that they had been put off their guard, and did not make their full defence, in consequence of an agreement With complainant’s counsel to continue the case,-which they relied upon,-but which agreement the Court did not receive till after the opinion was delivered.